Filed 4/9/13  Maeshack v. Wiley CA1/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| VARNELL MAESHACK,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JAMES C. WILEY et al.,<br><br>Defendants and Respondents. | A135854<br><br>(Solano County<br>Super. Ct. No. FCS037157) |

Plaintiff Varnell Maeshack appeals from the order of the trial court granting defendant James C. Wiley's motion for summary judgment.  As the record on appeal includes neither the complaint upon which summary judgment was sought, nor the defendant's motion for summary judgment, the order granting summary judgment will be affirmed.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Due to the lack of an adequate record on appeal, it is unnecessary to present an extensive overview of the background of this case.  At all times relevant to this lawsuit, plaintiff was an inmate at California Medical Facility (CMF) in Vacaville.  He is a paraplegic and was housed in wheelchair-accessible cells in the Enhanced Outpatient Program unit.

Defendant is a field representative with the California Department of Corrections and Rehabilitation's Office of Audits and Court Compliance.  He provides advice and guidance to CMF staff concerning compliance with disability regulations.  He does not have the authority to make decisions or to give orders to CMF staff.  In March 2010,

while defendant was interviewing inmates in plaintiff's unit regarding their housing, plaintiff called him over to his cell and told him that he had fallen and that he wanted to be housed in another cell. Defendant noticed plaintiff's cell did not have a transfer bar, and recommended to staff that he be moved to another cell with such a bar. He also recommended that plaintiff be given a smaller wheelchair to allow access to the sink in the new cell. Subsequently, he learned plaintiff had filed a housing grievance, complaining about not being able to reach the sink. However, the matter already had been resolved, as he was issued a smaller wheelchair so as to allow him to access the sink.[1]

On July 26, 2012, the trial court filed its order granting defendant's motion for summary judgment. The court found no triable issues of material fact existed as to plaintiff's causes of action for negligence, "intentional tort," or deliberate indifference.

## DISCUSSION

There is no doubt that Code of Civil Procedure section 473 grants the courts, including this court, broad discretion to relieve litigants from mistake or inadvertence, but that does not translate to granting relief which is not supported by the record presented on appeal. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics in the original.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' [Citations.]" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; see also *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [where the defendants elected not to provide a reporter's transcript on appeal, the reviewing court

---

[1] Plaintiff had complained to the authorities that he had been unable to attend to his hygiene or drink water while housed in the new cell. They agreed that he had a legitimate problem accessing all areas of his cell due to the size of his wheelchair. He was issued a smaller wheelchair in April 2010, thereby resolving his access issues.

rejected their claim "because they failed to provide [the appellate] court with a record adequate to evaluate [their] contention"].)

As noted above, plaintiff failed to include a copy of the operative complaint or a copy of defendant's motion for summary judgment and its supporting papers in his designated record on appeal. He includes a copy of a purported first amended complaint, which is not the complaint that pertains to the instant appeal. The record includes various declarations, statements, and objections. But without the operative complaint and the actual motion for summary judgment, we are unable to address the issues raised in his appeal. The record also does not include a reporter's transcript of the hearing on the summary judgment motion. Thus, there is no record of the arguments made before the trial court.

There is no indication plaintiff omitted these documents inadvertently. Indeed, his notice designating the clerk's transcript does not list any of these documents. He has not moved to augment the record. (See Cal. Rules of Court, rule 8.155(a)(1)(A) [at any time during an appeal, a party may move for an order that the record be augmented to include any document filed in the case in superior court].)

Because plaintiff has provided an inadequate record on appeal, we are unable to review his contentions of error and we must presume there was no error. Based on the record he has provided us, we are unable to consider "all the evidence set forth in the moving and opposition papers" and are thus unable to "determine with respect to each cause of action whether the defendant seeking summary judgment has conclusively negated a necessary element of the plaintiff's case, or has demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial, such that the defendant is entitled to judgment as a matter of law." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334 [describing standard of review after a summary judgment has been granted].) It is impossible for this court to review the motion de novo and determine if triable issues of fact exist. In the absence of an adequate record, we must indulge all inferences to support the order challenged on appeal and presume the trial court properly concluded that no triable issues of material facts exist.

We acknowledge a self-represented litigant's understanding of the rules on appeal is, as a practical matter, more limited than that of an experienced appellate attorney. Whenever possible, we do not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing. However, "mere self-representation is not a ground for exceptionally lenient treatment." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984.)

### DISPOSITION

The judgment is affirmed.

_____
Dondero, J.

We concur:

_____
Margulies, Acting P. J.

_____
Banke, J.

4